UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACKIE NOLEN, SR.                                      CIVIL ACTION NO. 16-cv-1580

VERSUS                                               JUDGE WALTER

CHARLIE PARK, ET AL                      MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Jackie Nolen, Sr. ("Plaintiff"), who is self-represented, filed this civil action against three defendants. Plaintiff alleges that the defendants tried to deprive him of the benefit of payments he made in connection with a real estate transaction. The complaint does not assert a cause of action under federal law, and it describes a civil dispute between citizens of Louisiana over a few thousand dollars. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject-matter jurisdiction.

**Review under § 1915**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

Plaintiff alleges that he found a home for sale in Minden for $55,000. He agreed with Mr. and Mrs. Park, the owners of the home, that he would rent-to-own with all payments going towards the purchase of the house. Plaintiff alleges that he has paid more than $51,000 over the years. The Parks recently sent Plaintiff a letter that stated the agreement had been in place since 2009 (two years less than alleged by Plaintiff) and that Plaintiff has a balance due of $15,850. The Parks demanded that Plaintiff vacate the premises by November 15, 2016 unless he made payment of that balance. Plaintiff argues that the Parks are wrong about when the agreement started, and they are depriving him of the benefit of rental payments made between 2007 and 2009.

**Subject Matter Jurisdiction**

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court

cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff alleges that he has lived in Minden for several years, so he is presumably a Louisiana citizen. He lists three defendants, the Parks and a Minden area real estate agent, and each of them also appear to be citizens of Louisiana. There are no facts that would indicate that any of them are citizens of any other state. The Louisiana citizenship of both Plaintiff and the three defendants destroys the potential for diversity jurisdiction. Section 1332 also requires that the amount in controversy exceed $75,000, and the complaint indicates that the amount in dispute here is far less.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule asks "whether the plaintiff has affirmatively alleged a federal claim." New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321, 328 (5th Cir. 2008). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that all of Plaintiff's claims would fall under state law theories such as breach of contract or conversion. Plaintiffs in federal court often invoke 42 U.S.C. § 1983, but Plaintiff has not done so. Even if he had, that statute applies only when the defendant

(such as a policeman or corrections officer) is acting under color of state law. The complaint suggests that the defendants are private citizens rather than government officials or some other form of state actor, so no Section 1983 claim could lie against them. See West v. Atkins, 108 S.Ct. 2250 (1988).

**Conclusion**

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. The complaint should be dismissed without prejudice for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge